OPINION
{¶ 1} Michael Heckman was found guilty of obstructing official business, a second degree misdemeanor. The court imposed a $500 fine and ninety days in jail. Jail time remaining as of payment of the fine was to be suspended.
 {¶ 2} Heckman appeals pro se. He advances no assignment of error. Heckman appears to argue that the trial court lacked subject matter jurisdiction because there was no affidavit of probable cause.
 {¶ 3} The record reflects that Heckman was arrested during the afternoon of June 4, 2003, for refusing to identify himself outside the Greene County Treasurer's Office. At the time, Heckman was in the company of Daniel Heckman. Deputy Shelley had been informed by Assistant County Prosecutor Suzanne Schmidt that there was a felony CCW warrant for Daniel Heckman, who was reportedly in or about the treasurer's office. In following up on prosecutor Schmidt's information, Dep. Shelley encountered Heckman outside the treasurer's office, informed Heckman who they were looking for, and asked Heckman to identify himself, which Heckman refused to do. Dep. Shelley testified that Heckman's several refusals to identify himself impeded him in the performance of his duties as a police officer.
 {¶ 4} Heckman was arrested. A misdemeanor citation, charging a violation of R.C. 2921.331 — failure to comply with order or signal of police officer — was sworn to by Dep. Smith, who made the actual arrest.
 {¶ 5} The citation was issued to Heckman and summoned him to appear in court June 14. Heckman was then released from jail due to overcrowding. The charge was amended August 4, 2003, to obstructing official business (R.C. 2921.31), a second degree misdemeanor, from the original charge, which was a first degree misdemeanor. Heckman was served with a copy of the motion to amend, but did not object.
 {¶ 6} The citation in this case conformed to the formal requirements for complaints contained in Crim.R. 3 and thus served as the affidavit of probable cause that Heckman claims is missing. The arrest and summoning into court at a later date were in accordance with Crim.R. 4(E)(2) and (F). We find no support in this record for Heckman's claim that the trial court lacked subject matter jurisdiction. See 28 O.Jur.3d Criminal Law § 2000.
 {¶ 7} Having concluded that the trial court had subject matter jurisdiction, and subject matter jurisdiction being the only issue raised with any specificity in this appeal, we will affirm the judgment appealed from.
Brogan, J. and Young, J., concur.